IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YOUSIF M. AMRO, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 05 C 2420 ) |
| AMERIQUEST MORTGAGE COMPANY, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendant Ameriquest Mortgage Company's ("AMC") motion to dismiss or in the alternative to stay and compel arbitration. For the reasons stated below, we deny the motion to dismiss, deny the motion to compel and deny the motion the motion stay as moot.

## BACKGROUND

Plaintiff Yousif M. Amro's ("Amro") alleges that it began working for AMC as an Account Executive at AMC's Itasca, Illinois branch in January 2003. Amro alleges that he was 55 years old when he began working for AMC and that he is of "Arab" national origin and is a "Muslim." (Compl. Par. 3). According to Amro, he

1

became "the top producing Account Executive in Defendant's Itasca office. (Compl. Par. 8). Brett Camplin ("Camplin") was allegedly hired as the new branch manager at the Itasca branch. Amro alleges that subsequently, Camplin and newly hired, younger associates subjected Amro to derogatory comments about his national origin, religion, and age. Amro also claims that he was not given a fair share of the commissions on the mortgage loans that he sold and was primarily responsible for handling. Specifically, Amro contends that his share of commissions were given to younger associates that would allegedly socialize and drink alcohol with Camplin instead of Amro who does not drinking alcohol because he is "a Muslim" and who did not socialize with Camplin. Amro brought the instant action and includes in his complaint a claim alleging a violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621 *et seq.* (Count I), a claim alleging discrimination against him because of his religion and national origin in violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.* (Count II), and a Title VII hostile work environment claim (Count III).

## DISCUSSION

AMC argues that the instant action should be either dismissed or stayed because Amro entered into a Mutual Agreement to Arbitrate with AMC ("Agreement") and that the parties have agreed to take the issues presented in the instant action to arbitration. Section 3 of the Federal Arbitration Act ("FAA")

provides the following:

> If any suit or proceeding be brought in any of the courts of the United States upon any issue referable to arbitration under an agreement in writing for such arbitration, the court in which such suit is pending, upon being satisfied that the issue involved in such suit or proceeding is referable to arbitration under such an agreement, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration.

9 U.S.C. § 3. Section 2 of the FAA also provides the following:
> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract.

9 U.S.C.A. § 2. The determination of whether the parties have agreed to arbitration on an issue "is a question normally answered by the court rather than by an arbitrator" and "[t]he issue is governed by state law principles governing contract formation." *Continental Cas. Co. v. American Nat. Ins. Co.*, 417 F.3d 727, 730-31 (7th Cir. 2005)(stating that "[a]lthough the Federal Arbitration Act favors resolution of disputes through arbitration, its provisions are not to be construed so broadly as to include claims that were never intended for arbitration"). Also, in determining whether or not a case should be stayed pending arbitration the court should keep in mind the "'congressional declaration of a liberal federal policy favoring arbitration agreements' and 'that questions of arbitrability must be addressed with a healthy

3

regard for the federal policy favoring arbitration.'" *Id.* (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Const. Corp.*, 460 U.S. 1, 24 (1983)). If it is not clear whether or not an issue falls within the scope of an arbitration agreement "any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration" *Id.* Agreements to arbitrate employment issues "including claims of employment discrimination, are treated the same for this purpose as agreements to arbitrate labor-relations matters, building leases, disputes about patent royalties, and controversies among participants in reinsurance treaties." *Oblix, Inc. v. Winiecki*, 374 F.3d 488, 491 (7th Cir. 2004).

In the instant action there is no dispute that Amro's claims are arbitrable. (Ans. 2); *see Gilmer v. Interstate/Johnson Lane Corp.*, 500 U.S. 20, 24 (1991)(finding that arbitration is proper for ADEA claims); *Koveleskie v. SBC Capital Markets, Inc.*, 167 F.3d 361, 363 (7th Cir. 1999)(finding that Title VII claims are proper for arbitration). Neither is there any argument on Amro's part that the Title VII claims and the ADEA claim do not fall within the scope of the Agreement. Amro's motion to dismiss is based upon his contention that the venue selection clause in the Agreement is unconscionable. Amro also argues that even if the court finds that the venue selection clause in the Agreement is appropriate, the court may stay the action, but may not dismiss the action.

I. Venue Selection Clause

Amro argues that the venue selection clause in the Agreement is unconscionable. To determine whether the enforcement of a contract provision would be unconscionable under Illinois law the court should "look to the circumstances existing at the time of the contract's formation, including the relative bargaining positions of the parties and whether the provision's operation would result in unfair surprise." *We Care Hair Development, Inc. v. Engen*, 180 F.3d 838, 843 (7th Cir. 1999)(stating that "[a] contract is unconscionable when, viewed as a whole, 'it is improvident, oppressive, or totally one-sided'"). Although Amro cites a variety of cases from other Circuits in support of his position on unconscionability, none of the case law cited by him on this issue are from this Circuit and none of the cases are controlling precedent. The venue selection clause in the Agreement provides that "[t]he arbitration shall take place in Orange County, California." (Agr. 2). The venue selection provision is straightforward and there should be no unfair surprise to Amro that he needs to arbitrate his claim in California.

Amro also argues that "an employee working at one of Ameriquest's branch offices in Illinois would not reasonably expect that a dispute arising out of his employment would have to be resolved in another state, particularly one as distant as California." (Ans. 4). This argument makes little sense because clearly such an employee working in Illinois should anticipate arbitration in California if the employee signs an agreement such as the one signed by Amro and bothers to read the arbitration agreement which clearly states that the arbitration will be in

California. Amro has not presented any evidence that would indicate that he was not given an opportunity to read the Agreement or any reason why he would be confused as to the venue of the arbitration which is clearly provided in the Agreement. Amro has not provided any evidence that shows that he was forced to sign the agreement and has not shown that his signature to the Agreement was not made knowingly and voluntarily. Neither has Amro pointed to any other special circumstances such as a lack of education or sophistication on his part that would make it unfair to enforce the venue selection clause of the Agreement.

Amro claims that he lives in Illinois and that he cannot afford to travel to California for the arbitration and that the venue clause is therefore unconscionable. However, Amro does not dispute that he signed the Agreement when he began working "as a condition of employment." (Mot. 1). There is no evidence that Amro was forced to take the job and nothing indicates that Amro did not willingly decide to accept employment with AMC and to sign the Agreement. Amro also argues that the venue selection clause is unconscionable because of the expenses and he is currently unemployed. However, whether or not Amro cannot find new employment and lacks funds is not relevant as to whether or not at the time he began employment with AMC the venue selection was unduly burdensome for him. Amro apparently concluded that it was not unduly burdensome and signed the Agreement and there is no evidence presented that shows that at the time of the signing of the Agreement that it could have been anticipated that Amro would be

unemployed and unable to afford to travel to California. The fact that it may have turned out that way does not necessarily make the Agreement unfair when it was formed. *See We Care Hair Development, Inc.*,180 F.3d at 843(stating that "[i]n assessing whether a contractual provision should be disregarded as unconscionable, Illinois courts look to the circumstances existing at the time of the contract's formation, including the relative bargaining positions of the parties and whether the provision's operation would result in unfair surprise"). The Seventh Circuit has made it clear that the courts should avoid interfering in arbitration agreements stating that "[a]rbitration is just a forum; people may choose freely which forum will resolve their dispute. *Carbajal v. H & R Block Tax Services, Inc.*, 372 F.3d 903, 905-06 (7th Cir. 2004).

## II. Whether Court Can Order Arbitration in California

Amro argues that even if the court finds that the venue selection clause is not unconscionable, the court can only stay the instant action and cannot dismiss the action or order Amro to proceed to arbitration. AMC concedes that this court cannot compel Amro to proceed in arbitration and provides no bases for a dismissal of this action in response to Amro's arguments. (Reply 5). *see also Snyder v. Smith*, 736 F.2d 409, 418 (7th Cir. 1984)(stating that "a district court has no power to order arbitration to take place outside of its own district."). We find that it is not appropriate to dismiss the instant action on the bases advanced by AMC. We find

7

that the arbitration agreement is valid. As to the motion to stay, we deny it as moot since we will terminate this action to give the parties an opportunity to proceed to arbitration, if Amro proceeds to arbitration in California. However, Amro is given leave to reinstate this action, if necessary, after the arbitration process is completed.

## CONCLUSION

Based on the foregoing analysis, we deny AMC's motion to dismiss, deny the motion to stay as moot, and deny the motion to compel arbitration in California, but find that the Agreement including the venue selection clause is valid, and we dismiss this action with leave to reinstate, if necessary, after the arbitration process is completed in California.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: September 15, 2005